## Matthew Kerber, Appellant, v. Claus Stroh, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916. Rehearing denied June 30, 1916.

### Statement of the Case.

Bill for injunction filed by Matthew Kerber, complainant, against Claus Stroh, defendant, to enjoin the defendant from erecting and maintaining dikes along a drainage ditch on his land so as to cause drainage waters to back up on the complainant's land. From a decree for complainant, defendant appeals.

Twenty years before the filing of the bill the complainant's grantor and the defendant had by agreement constructed a drainage ditch over the defendant's land, draining a pond situated partly on his land and partly on that of the complainant, who was an upper proprietor. Thereafter the defendant, in order to prevent the water from such ditch overflowing his land, constructed dikes along the ditch, which, owing to its inadequate size, caused the water to set back on the complainant's land.

LIVINGSTON & BACH, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Lucas et al. v. Smith et al., 201 Ill. App. 273.

Sterling & Whitmore, for appellee.

Mr. Justice Graves delivered the opinion of the court.

## Abstract of the Decision.

Waters and water courses, § 22*—*when construction of dikes may be enjoined by upper riparian owner.* Where a ditch across a lower proprietor's land had served to drain the land of an upper proprietor for over twenty years, *held* that the latter could enjoin the former from building and maintaining dikes constructed within twenty years along the bank of the ditch so as to prevent waters therefrom from overflowing his land, it appearing that the dikes caused the water to back up on the upper proprietor's land, owing to the insufficiency of the ditch to take care of the entire flow, since the upper proprietor had the right to have such excess water as the ditch could not take care of, flow over the lower proprietor's land, as it had done before any artificial construction had been made.